NUMBER 13-03-648-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HENRY GARCIA PENA, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 156th District Court of Live Oak County, Texas.


 


OPINION ON REMAND



Before Justices Yañez, Rodriguez, and Garza


Opinion on Remand by Justice Yañez


 

 This case is before us on remand from the Texas Court of Criminal Appeals. (1) 
Appellant, Henry Garcia Pena, Jr., appeals the trial court's decision to revoke his
community supervision and sentence him to one year in a state jail facility for possession
of marihuana. In a single issue, appellant contends the State failed to use due diligence
in executing the arrest warrant associated with the motion to revoke his community
supervision. We affirm.

Factual and Procedural Background

 Pursuant to a plea bargain, on March 29, 2000, the trial court found appellant guilty
of possession of marihuana, sentenced him to two years of confinement, assessed a fine
of $2,500, suspended the sentence, and placed him on community supervision for three
years. On April 3, 2002, the State filed a motion to revoke appellant's community
supervision and an order for his arrest. Seventeen months later, appellant was arrested
on September 9, 2003, over five months after the expiration of his community supervision.

 On October 6, 2003, appellant filed a motion to dismiss the State's motion to revoke,
arguing that the State had failed to use due diligence in executing the arrest warrant. On
October 8, 2003, the trial court simultaneously held a hearing on appellant's request for
dismissal and the State's motion to revoke. The trial court denied appellant's motion to
dismiss, and appellant pled "true" to several allegations in the State's motion. The trial
court found the allegations true, revoked appellant's community supervision, and
sentenced him to one year in a state jail facility.

 In addressing appellant's due diligence argument in our earlier opinion, this Court
determined that (1) the State must prove by a preponderance of the evidence that due
diligence was used in executing the capias and in holding a hearing on the motion to
revoke; (2) the State failed to carry its burden to show it made a diligent effort to apprehend
appellant; (3) the trial court abused its discretion in finding due diligence; and (4) the trial
court's judgment should be reversed and the cause remanded to the trial court with
instructions to dismiss the State's motion to revoke. (2) The court of criminal appeals
reversed and remanded, directing this Court to reconsider this case in light of the
amendment to article 42.12, section 24 of the code of criminal procedure, enacted by the
Texas Legislature in 2003. (3)

Due Diligence and Article 42.12

 The 2003 amendment to article 42.12, section 24 applies to this case. (4) The
Texarkana Court of Appeals discussed the impact this amendment has had on the due-diligence landscape in Wheat v. State, stating:

 After the 2003 amendments to Article 42.12 of the Texas Code of Criminal
Procedure, lack of due diligence became an affirmative defense and is
limited to only grounds for revocation alleging failure to report or failure to
remain in a specified place, and only certain specific failures by the State will
establish the defense.

 

 Previously a trial court's jurisdiction over a motion to revoke
community supervision did not survive the expiration of the community
supervision period unless (1) a motion to revoke was filed before the
community supervision period expired, (2) an arrest warrant, capias, or
summons was issued before the community supervision period expired, and
(3) the State exercised due diligence in having a revocation hearing. The
State's failure to execute a capias with due diligence was regarded as a plea
in bar or defense. Under prior caselaw, the State had the burden to prove
its due diligence once the defendant raised the issue. Under that prior state
of the law, [the defendant] could have properly claimed that the State failed
to use due diligence as to each of the grounds it had alleged for revocation.


 Effective on June 18, 2003, the Texas Legislature amended Article
42.12 of the Texas Code of Criminal Procedure to extend the trial court's
continuing jurisdiction to revoke the community supervision after the
expiration of the term of community supervision. That amendment added
paragraph (e) to Section 21:


 A court retains jurisdiction to hold a hearing under Subsection
(b) and to revoke, continue, or modify community supervision,
regardless of whether the period of community supervision
imposed on the defendant has expired, if before the expiration
the attorney representing the state files a motion to revoke,
continue, or modify community supervision and a capias is
issued for the arrest of the defendant.


 Note that the principal change made by the statute was the elimination of the
due-diligence element. Therefore, that change to Section 21 removed the
broad, lack-of-due-diligence defense that had prevailed according to the prior
caselaw.


 At the same time as the above amendment, the Legislature also
added Section 24, which gives back a limited affirmative defense of due
diligence:


 For purposes of a hearing under Section . . . 21(b), it is an
affirmative defense to revocation for an alleged failure to report
to a supervision officer as directed or to remain within a
specified place that a supervision officer, peace officer, or
other officer with the power of arrest under a warrant issued by
a judge for that alleged violation failed to contact or attempt to
contact the defendant in person at the defendant's last known
residence address or last known employment address, as
reflected in the files of the department serving the county in
which the order of community supervision was entered. (5)

 

Analysis

 In the instant case, the trial court found that appellant had violated the terms and
conditions of his supervision by failing to report as directed or by failing to remain within a
specified place. The trial court, however, also found six other grounds for revocation,
which related to (1) a curfew violation, (2) failure to pay supervision fees, (3) failure to pay
a fine, (4) failure to submit to random urinalysis, (5) failure to attend Alcoholics Anonymous
or Narcotics Anonymous meetings, and (6) failure to successfully complete an outpatient
substance abuse program. These grounds were not subject to any lack-of-due-diligence
defense. Therefore, those grounds found by the trial court must stand, and we must affirm
the trial court's judgment on that basis. (6)

Conclusion

 We affirm the judgment of the trial court.




 

 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Opinion delivered and filed this the

15th day of November, 2007.

1. See Pena v. State, 201 S.W.3d 764 (Tex. Crim. App. 2006).
2. See Pena v. State, No. 13-03-648-CR, 2004 Tex. App. LEXIS 7689, at **3-8 (Tex. App.-Corpus
Christi August 26, 2004) (mem. op., not designated for publication), rev'd, 201 S.W.3d 764 (Tex. 2006).
3. See Pena, 201 S.W.3d at 765.
4. Id.
5. Wheat v. State, 165 S.W.3d 802, 805-06 (Tex. App.-Texarkana 2005, pet. dism'd) (citations and
footnotes omitted; emphasis in original).
6. See id. at 807.