# NO. 12-09-00394-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN CLARK,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Justin Clark appeals the adjudication of his guilt and revocation of his community supervision for burglary of a habitation. He raises two issues on appeal.[1] We affirm.

## BACKGROUND

On January 22, 1998, Appellant was arrested for burglary of a habitation in Smith County, Texas. On September 24, 1999, after indictment, Appellant pleaded guilty in an open plea and was sentenced to ten years of deferred adjudication community supervision.[2] On October 11, 2000, the State filed an application to proceed to final adjudication for alleged violations of his community supervision. On October 13, 2000, the trial court signed a *capias* warrant, authorizing officers to arrest Appellant and hold him without bail. Appellant's community supervision officer was unable to locate Appellant, and his case was assigned to the

---

[1] Appellant asserts two issues on appeal. Although each is differently worded and separately stated, they raise the same issue. Consequently, we address them simultaneously.

[2] "Community supervision" is the current statutory term for what was formerly called "probation." ***Ballard v. State***, 126 S.W.3d 919, 919 n. 1 (Tex. Crim. App. 2004); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2(2) (Vernon Supp. 2010) (defining community supervision). When Appellant was originally sentenced, he received

absconder unit, which was also unable to find Appellant.

On July 12, 2009, Appellant was arrested in Oklahoma City, Oklahoma, after being detained for driving a vehicle with a stolen registration sticker. The Smith County *capias* was served on Appellant at that time. Appellant waived extradition and was returned to Smith County on September 23, 2009, one day before his community supervision period expired. On October 15, 2009, the trial court held a hearing on the State's motion to adjudicate and found Appellant guilty, revoked his community supervision, and sentenced him to imprisonment for fifteen years. Appellant timely appealed.

## DUE DILIGENCE

In his first and second issues, Appellant argues that the trial court erred in denying his motion to dismiss the State's application to proceed to final adjudication because the State failed to exercise due diligence in apprehending him.

### Standard of Review

We review a trial court's order revoking community supervision under an abuse of discretion standard. ***Rickles v. State***, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The state must prove its allegation that a defendant violated a condition of his community supervision by a preponderance of the evidence. ***Cobb v. State***, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). However, the burden is on the defendant to establish an affirmative defense by a preponderance of the evidence. TEX. PENAL CODE ANN. § 2.04(d) (Vernon 2010); ***Wheat v. State***, 165 S.W.3d 802, 807 n.6 (Tex. App.—Texarkana 2005, pet. dism'd).

### Applicable Law

Under former law, a trial court's jurisdiction over a motion to revoke community supervision did not survive the expiration of the community supervision period unless (1) a motion to revoke was filed before the community supervision period expired, (2) an arrest warrant, *capias*, or summons was issued before the community supervision period expired, and (3) the state exercised due diligence in having a revocation hearing. ***Wheat v. State***, 165 S.W.3d at 805 (citing ***Peacock v. State***, 77 S.W.3d 285, 287-88 (Tex. Crim. App. 2002)). The state's

---

deferred adjudication "probation." To avoid confusion, we use the more modern "community supervision" in this opinion.

2

failure to execute a *capias* with due diligence was regarded as a plea in bar or defense. ***Id.*** The state bore the burden of proving "its due diligence once the defendant raised the issue." ***Id***.

In 2003, the Texas Code of Criminal Procedure was amended to extend the trial court's continuing jurisdiction to revoke deferred adjudication community supervision beyond the expiration of the term of community supervision.[3] Specifically, article 42.12, section 5(h) reads as follows:

> A court retains jurisdiction to hold a hearing under Subsection (b) and to proceed with an adjudication of guilt, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to proceed with adjudication and a capias is issued for the arrest of the defendant.

*See* Act of June 18, 2003, 78th Leg., R.S., ch. 250, § 1, 2003 Tex. Gen. Laws 1158 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(h) (Vernon Supp. 2010)).[4] This change eliminated the "due-diligence element" and "removed the broad, lack-of-due-diligence defense that had prevailed according to the prior caselaw." ***Wheat***, 165 S.W.3d at 805; *see also **Nurridin v. State***, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.).

The legislature also added section 24, "which gives back a limited affirmative defense of lack of due diligence:"

> For the purposes of a hearing under Section 5(b) or 21(b), it is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving

---

[3] A similar amendment relates to traditional community supervision. *See* Act of June 18, 2003, 78th Leg., R.S., ch. 250, § 2, 2003 Tex. Gen. Laws 1158 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(e) (Vernon Supp. 2010)).

[4] This change in the law applies to a hearing on a motion to adjudicate guilt and revoke community supervision "that commences on or after the effective date of this Act, regardless of whether the defendant was placed on community supervision before, on, or after the effective date of this Act." *See* Act of June 18, 2003, 78th Leg., R.S., ch. 250, § 4, 2003 Tex. Gen. Laws 1158; see also ***Pena v. State***, 201 S.W.3d 764, 764 (Tex. Crim. App. 2006).

Act of June 18, 2003, 78th Leg., R.S., ch. 250, § 3, 2003 Tex. Gen. Laws 1158 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24 (Vernon Supp. 2010)); *see Wheat*, 165 S.W.3d at 805-06. In light of these amendments, due diligence is "an affirmative defense applicable only to the grounds of revocation alleging failure to report or failure to remain in a specified location." *Wheat*, 165 S.W.3d at 806; *see Nurridin*, 154 S.W.3d at 924. Other courts, including this court, have agreed with this analysis. *See, e.g., Horton v. State*, No. 10-09-00258-CR, 2010 WL 2010932, at *2-3 (Tex. App.—Waco May 19, 2010, pet. ref'd) (mem. op., not designated for publication); *Fuller v. State*, No. 12-07-00424-CR, 2008 WL 4117857, at *1-3 (Tex. App.— Tyler Sept. 3, 2008, pet. ref'd) (mem. op., not designated for publication).

**Discussion**

In the instant case, neither party disputes that the motion to adjudicate was filed and the *capias* issued within the period of Appellant's community supervision. In its motion, the State alleged seven violations of Appellant's community supervision, including failure to remain in a specified location[5] and failure to report to his community supervision officer. The other five violations alleged were failure to (1) complete his community service, (2) pay community supervision fees, (3) pay restitution, (4) reimburse the county for the cost of the substance abuse questionnaire, and (5) complete his prescribed alcohol and drug treatment program. The trial court ultimately found the failure to remain in a specified location allegation to be "not true." Appellant pleaded "true" to the remaining allegations.

In light of the trial court's "not true" finding and the current state of the law, the affirmative defense of due diligence, as it applies here, pertains only to the State's allegation that Appellant failed to report to his community supervision officer. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24; *see also Wheat*, 165 S.W.3d at 805-06; *Nurridin*, 154 S.W.3d at 924. But irrespective of whether Appellant met his burden, or whether the State proved that it attempted to contact Appellant in person or at his last known residence address or last known employment address, the trial court could have nevertheless adjudicated Appellant's guilt. This is because

---

[5] This ground did not relate to his flight to Oklahoma, but rather his alleged move from Smith County, Texas, to Rusk County, Texas. The motion to adjudicate Appellant's guilt and to revoke his community supervision was filed prior to his flight to Oklahoma and was not amended.

even if Appellant proved the State's failure to exercise due diligence, he pleaded "true" to other grounds for revocation. The violation of a single provision of his community supervision is sufficient to adjudicate his guilt and revoke his community supervision. *See Moses v. State,* 590 S.W.2d 469, 470 (Tex. Crim. App. 1979) (holding plea of "true" to any one alleged violation is sufficient to support a revocation of supervision). Therefore, we do not address whether Appellant established the State's failure to exercise due diligence.

In a related subissue, Appellant argues that the State did not act diligently because of the approximately ninety-five day delay between his July 12, 2009 arrest in Oklahoma and his October 15, 2009 hearing on the motion to adjudicate his guilt. As shown above, the due diligence affirmative defense does not apply to this type of challenge. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24. Rather, in essence, Appellant asserts a violation of his right to a speedy revocation hearing. The burden is on the defendant to request a hearing on the state's motion to adjudicate his guilt, and after such a request is properly made, the trial court must hold a hearing within twenty days. *See* TEX. CRIM. CODE PROC. ANN. art. 42.12, § 21(b) (Vernon Supp. 2010). The record does not show that Appellant made such a request. Moreover, the ninety-five day period that elapsed between Appellant's arrest and his hearing is not of sufficient magnitude to trigger a constitutional inquiry. *See Dingler v. State*, No. 05-03-01552-CR, 05-03-01553-CR, 2005 WL 1039969, at *6 (Tex. App.—Dallas May 5, 2005, no pet.) (mem. op., not designated for publication) (holding four month delay between arrest and revocation hearing did not trigger speedy trial inquiry).

We overrule Appellant's issues one and two.

## DISPOSITION

We *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered November 17, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(DO NOT PUBLISH)

5