MARY'S OPINION HEADING 








NO. 12-09-00394-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JUSTIN CLARK,                                          §                      APPEAL
FROM THE 114TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
 COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION 

                Justin
Clark appeals the adjudication of his guilt and revocation of his community
supervision for burglary of a habitation.  He raises two issues on appeal.[1]  We affirm.

 

Background

            On
January 22, 1998, Appellant was arrested for burglary of a habitation in Smith
County, Texas.  On September 24, 1999, after indictment, Appellant pleaded guilty
in an open plea and was sentenced to ten years of deferred adjudication
community supervision.[2]  On October 11,
2000, the State filed an application to proceed to final adjudication for
alleged violations of his community supervision.  On October 13, 2000, the
trial court signed a capias warrant, authorizing officers to arrest
Appellant and hold him without bail.  Appellant’s community supervision officer
was unable to locate Appellant, and his case was assigned to the absconder
unit, which was also unable to find Appellant. 

On
July 12, 2009, Appellant was arrested in Oklahoma City, Oklahoma, after being
detained for driving a vehicle with a stolen registration sticker.  The Smith
County capias was served on Appellant at that time.  Appellant waived
extradition and was returned to Smith County on September 23, 2009, one day
before his community supervision period expired.  On October 15, 2009, the
trial court held a hearing on the State’s motion to adjudicate and found
Appellant guilty, revoked his community supervision, and sentenced him to imprisonment
for fifteen years.  Appellant timely appealed.

 

Due Diligence

            In
his first and second issues, Appellant argues that the trial court erred in
denying his motion to dismiss the State’s application to proceed to final
adjudication because the State failed to exercise due diligence in apprehending
him. 

Standard
of Review

We
review a trial court’s order revoking community supervision under an abuse of
discretion standard.  Rickles v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006).  The state must prove its allegation that a defendant
violated a condition of his community supervision by a preponderance of the
evidence.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993). However, the burden is on the defendant to establish an affirmative
defense by a preponderance of the evidence.  Tex.
Penal Code Ann. § 2.04(d) (Vernon 2010); Wheat v. State,
165 S.W.3d 802, 807 n.6 (Tex. App.—Texarkana 2005, pet. dism’d).

Applicable
Law

Under
former law, a trial court’s jurisdiction over a motion to revoke community
supervision did not survive the expiration of the community supervision period
unless (1) a motion to revoke was filed before the community supervision period
expired, (2) an arrest warrant, capias, or summons was issued before the
community supervision period expired, and (3) the state exercised due diligence
in having a revocation hearing.  Wheat v. State, 165 S.W.3d at
805 (citing Peacock v. State, 77 S.W.3d 285, 287-88 (Tex. Crim.
App. 2002)).  The state’s failure to execute a capias with due diligence
was regarded as a plea in bar or defense.  Id.  The state bore
the burden of proving “its due diligence once the defendant raised the issue.” 
Id.

In
2003, the Texas Code of Criminal Procedure was amended to extend the trial
court’s continuing jurisdiction to revoke deferred adjudication community
supervision beyond the expiration of the term of community supervision.[3] 
Specifically, article 42.12, section 5(h) reads as follows:

 

A court retains jurisdiction to
hold a hearing under Subsection (b) and to proceed with an adjudication of
guilt, regardless of whether the period of community supervision imposed on the
defendant has expired, if before the expiration the attorney representing the state
files a motion to proceed with adjudication and a capias is issued for the
arrest of the defendant.

 

 

See
Act
of June 18, 2003, 78th Leg., R.S., ch. 250, § 1, 2003 Tex. Gen. Laws 1158
(codified at Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(h) (Vernon Supp. 2010)).[4]  This change eliminated the
“due-diligence element” and “removed the broad, lack-of-due-diligence defense
that had prevailed according to the prior caselaw.”  Wheat, 165
S.W.3d at 805; see also Nurridin v. State, 154 S.W.3d 920, 924
(Tex. App.—Dallas 2005, no pet.).

The
legislature also added section 24, “which gives back a limited affirmative
defense of lack of due diligence:”

 

For the purposes of a hearing
under Section 5(b) or 21(b), it is an affirmative defense to revocation for an
alleged failure to report to a supervision officer as directed or to remain
within a specified place that a supervision officer, peace officer, or other
officer with the power of arrest under a warrant issued by a judge for that
alleged violation failed to contact or attempt to contact the defendant in
person at the defendant’s last known residence address or last known employment
address, as reflected in the files of the department serving the county in
which the order of community supervision was entered.

 

Act
of June 18, 2003, 78th Leg., R.S., ch. 250, § 3, 2003 Tex. Gen. Laws 1158
(codified at Tex. Code Crim. Proc. Ann.
art. 42.12, § 24 (Vernon Supp. 2010)); see Wheat, 165 S.W.3d at
805-06.  In light of these amendments, due diligence is “an affirmative defense
applicable only to the grounds of revocation alleging failure to report or
failure to remain in a specified location.”  Wheat, 165 S.W.3d at
806; see Nurridin, 154 S.W.3d at 924.  Other courts, including
this court, have agreed with this analysis.  See, e.g., Horton v. State,
No. 10-09-00258-CR, 2010 WL 2010932, at *2-3 (Tex. App.—Waco May 19, 2010, pet.
ref’d) (mem. op., not designated for publication); Fuller v. State,
No. 12-07-00424-CR, 2008 WL 4117857, at *1-3 (Tex. App.—Tyler Sept. 3, 2008,
pet. ref’d) (mem. op., not designated for publication).

Discussion

In
the instant case, neither party disputes that the motion to adjudicate was
filed and the capias issued within the period of Appellant’s community
supervision.  In its motion, the State alleged seven violations of Appellant’s
community supervision, including failure to remain in a specified location[5] and failure to
report to his community supervision officer.  The other five violations alleged
were failure to (1) complete his community service, (2) pay community
supervision fees, (3) pay restitution, (4) reimburse the county for the cost of
the substance abuse questionnaire, and (5) complete his prescribed alcohol and
drug treatment program.  The trial court ultimately found the failure to remain
in a specified location allegation to be “not true.”  Appellant pleaded “true”
to the remaining allegations. 

In
light of the trial court’s “not true” finding and the current state of the law,
the affirmative defense of due diligence, as it applies here, pertains only to
the State’s allegation that Appellant failed to report to his community
supervision officer.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 24; see also Wheat,
165 S.W.3d at 805-06; Nurridin, 154 S.W.3d at 924.  But
irrespective of whether Appellant met his burden, or whether the State proved
that it attempted to contact Appellant in person or at his last known residence
address or last known employment address, the trial court could have nevertheless
adjudicated Appellant’s guilt.  This is because even if Appellant proved the
State’s failure to exercise due diligence, he pleaded “true” to other grounds
for revocation.  The violation of a single provision of his community
supervision is sufficient to adjudicate his guilt and revoke his community
supervision.  See Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim.
App. 1979) (holding plea of “true” to any one alleged violation is sufficient
to support a revocation of supervision).  Therefore, we do not address whether
Appellant established the State’s failure to exercise due diligence.

In
a related subissue, Appellant argues that the State did not act diligently
because of the approximately ninety-five day delay between his July 12, 2009
arrest in Oklahoma and his October 15, 2009 hearing on the motion to adjudicate
his guilt.  As shown above, the due diligence affirmative defense does not
apply to this type of challenge.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 24.  Rather, in essence, Appellant
asserts a violation of his right to a speedy revocation hearing.  The burden is
on the defendant to request a hearing on the state’s motion to adjudicate his
guilt, and after such a request is properly made, the trial court must hold a
hearing within twenty days.  See Tex.
Crim. Code Proc. Ann. art. 42.12, § 21(b) (Vernon Supp. 2010).  The
record does not show that Appellant made such a request.  Moreover, the
ninety-five day period that elapsed between Appellant’s arrest and his hearing
is not of sufficient magnitude to trigger a constitutional inquiry.  See Dingler
v. State, No. 05-03-01552-CR, 05-03-01553-CR, 2005 WL 1039969, at
*6 (Tex. App.—Dallas May 5, 2005, no pet.) (mem. op., not designated for
publication) (holding four month delay between arrest and revocation hearing
did not trigger speedy trial inquiry).

We
overrule Appellant’s issues one and two.

 

Disposition

            We
affirm the judgment of the trial court.

 

                                                                                                Sam Griffith

                                                                                                            
Justice

 

Opinion delivered November 17, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)









[1] Appellant asserts two issues on
appeal.  Although each is differently worded and separately stated, they raise
the same issue.  Consequently, we address them simultaneously.

 





[2] “Community supervision” is the
current statutory term for what was formerly called “probation.”  Ballard
v. State, 126 S.W.3d 919, 919 n. 1 (Tex. Crim. App. 2004); see Tex. Code Crim. Proc. Ann. art. 42.12,
§ 2(2) (Vernon Supp. 2010) (defining community supervision).  When Appellant
was originally sentenced, he received deferred adjudication “probation.” To
avoid confusion, we use the more modern “community supervision” in this
opinion.





[3] A similar amendment relates to
traditional community supervision. See Act of June 18, 2003, 78th Leg.,
R.S., ch. 250, § 2, 2003 Tex. Gen. Laws 1158 (codified at Tex. Code Crim. Proc. Ann. art. 42.12,
§ 21(e) (Vernon Supp. 2010)).

 





[4] This change in the law applies
to a hearing on a motion to adjudicate guilt and revoke community supervision
“that commences on or after the effective date of this Act, regardless of
whether the defendant was placed on community supervision before, on, or after
the effective date of this Act.”  See Act of June 18, 2003, 78th Leg.,
R.S., ch. 250, § 4, 2003 Tex. Gen. Laws 1158; see also Pena v. State,
201 S.W.3d 764, 764 (Tex. Crim. App. 2006).

 





[5] This ground did not relate to
his flight to Oklahoma, but rather his alleged move from Smith County, Texas,
to Rusk County, Texas.  The motion to adjudicate Appellant’s guilt and to
revoke his community supervision was filed prior to his flight to Oklahoma and
was not amended.