**AFFIRM; Opinion Filed April 15, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00527-CR
No. 05-18-00528-CR

**WILMER ANTONIO SANTOS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-57237-L, F14-21815-L**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Schenck

Wilmer Antonio Santos appeals his convictions for the offenses of aggravated robbery and

theft. In four issues, appellant argues the trial court erred by finding each of the State's allegations

true in its motions for revocation of community supervision and adjudication of guilt and abused

its discretion by revoking his community supervision. We affirm the trial court's judgments.

Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

In 2014, appellant was indicted in two separate cases for aggravated robbery and theft. In

each case, appellant signed a judicial confession and entered a plea of guilty. In both cases, the

trial court found the evidence sufficient to prove the offense charged, deferred adjudication, and

placed appellant on community supervision—eight years in the aggravated robbery case and five

years in the theft case. In November 2017, the State filed motions to revoke community supervision and to adjudicate guilt in both cases. After conducting a two-day hearing on the State's motions in both cases, on February 14, 2017, the trial court found the allegations in the State's motions to be true, revoked appellant's community supervision, adjudicated him guilty in both cases, and sentenced appellant to thirty years of imprisonment in the aggravated robbery case and one year of imprisonment in the theft case. Appellant filed motions for new trial in both cases, each of which was overruled by operation of law.

DISCUSSION

The State's burden of proof at a revocation hearing is to show by a preponderance of the evidence that a defendant violated the terms of his community supervision, meaning that the greater weight of the credible evidence must create a reasonable belief that the defendant has violated a condition of his probation. *See Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Proof of any one violation is sufficient to support revocation. *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.). If the trial court determines the State's allegations are true and that sufficient evidence supports that determination, the court has discretion to continue, modify, or revoke community supervision. *See id.* If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *See id.*

In his third issue, appellant challenges the sufficiency of the evidence to support the trial court's finding that he failed to report, urging there was no evidence the State attempted to contact him in person. In both cases, one of the conditions of appellant's community supervision required him to report monthly to the community supervisions department. In both motions to revoke and adjudicate, the State alleged that appellant failed to report during the months of April, September, October, and November of 2016.

The code of criminal procedure provides an affirmative defense to revocation for failure to report to a supervision officer as directed where no supervision officer, peace officer, or other officer contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.109. The court of criminal appeals determined the Legislature intended this affirmative defense to apply in those instances in which the State has timely alleged violations, but has not arrested the defendant before the community supervision period expired. *See Garcia v. State*, 387 S.W.3d 20, 25 (Tex. Crim. App. 2012) (interpreting CRIM. PROC. art. 42.12, § 24, which was later repealed and re-codified at CRIM. PROC. art. 42A.109).

Here, the record reflects that appellant was arrested and charged with several violations prior to the expiration of his community supervision period. Thus, appellant was not eligible to raise this affirmative defense. *See id.* The record also reflects appellant's probation officer testified appellant failed to report to her as directed in March, April, September, October, and November of 2016. In both cases, we conclude the trial court did not err in finding true the allegation that appellant failed to report as directed in April, September, October, and November of 2016, nor did the trial court abuse its discretion in revoking appellant's community supervision.

Accordingly, we overrule appellant's third issue.

In light of our resolution of appellant's third issue and conclusion that the record contains proof of at least one violation of appellant's terms of community supervision in each case, we need not address appellant's remaining three issues. *See* TEX. R. APP. P. 47.4; *Dansby*, 468 S.W.3d at 231.

## CONCLUSION

We affirm the trial court's judgments.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

180527F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILMER ANTONIO SANTOS, Appellant

No. 05-18-00527-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F14-57237-L.
Opinion delivered by Justice Schenck, Justices Brown and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of April, 2019.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

WILMER ANTONIO SANTOS, Appellant

No. 05-18-00528-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F14-21815-L.
Opinion delivered by Justice Schenck, Justices Brown and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of April, 2019.