

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
### NO. PD-1234-20
---

### MARIO ERNESTO MARTELL, Appellant

### v.

### THE STATE OF TEXAS

---
### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY
---

SLAUGHTER, J., delivered the opinion of the Court in which KELLER, P.J., HERVEY, RICHARDSON, YEARY, KEEL, and MCCLURE, JJ., joined. NEWELL and WALKER, JJ., concurred.

### O P I N I O N

After Appellant was placed on deferred adjudication community supervision for a third-degree felony drug offense, he stopped reporting to his probation officer and was considered an absconder. Nearly twenty years later, he was found and arrested. After a hearing, the trial court revoked Appellant's community supervision, adjudicated him guilty

of the drug offense, and placed him on community supervision for a period of ten years. The court of appeals reversed, concluding that the trial court erred in rejecting Appellant's statutory due diligence defense under Code of Criminal Procedure Article 42A.109.[1] That statute creates an affirmative defense to revocation based on an alleged failure to report if the State fails to attempt in-person contact with a probationer before seeking revocation.[2] On discretionary review before this Court, the State contends that the court of appeals erred by failing to consider one of its arguments in support of the trial court's ruling—namely, that Appellant should be estopped from relying on the due diligence defense because he had received special permission to live in Mexico during his period of community supervision such that it would have been impossible for the State to make in-person contact with him at that location. Accordingly, the State asks us to remand the case to the lower court for consideration of that issue.

Contrary to the State's assertion, it does not appear that the State expressly raised its estoppel argument in the lower court. But, by arguing that it would be unjust to apply the due diligence defense under these circumstances when it would have been impossible for law enforcement to attempt in-person contact with Appellant in Mexico, the State did

---

[1] *Martell v. State*, 615 S.W.3d 269, 275–77 (Tex. App.—El Paso 2020).

[2] The statute provides that:

> it is an affirmative defense to revocation for an alleged violation based on a failure to report to a supervision officer as directed or to remain within a specified place that no supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of deferred adjudication community supervision was entered.

TEX. CODE CRIM. PROC. ART. 42A.109.

implicitly raise that argument both in the trial court and the court of appeals. In any event, because the State is permitted to raise an argument in support of the trial court's ruling for the first time on discretionary review, and because the court of appeals is required to uphold the trial court's judgment on any applicable theory of law raised by the evidence, we conclude that the State is entitled to consideration of its estoppel argument at this juncture. Therefore, we vacate the court of appeals' judgment and remand this case for the court of appeals to consider the estoppel issue.

## I.      Background

### A.      Underlying offense, community supervision, and revocation hearing

On October 6, 1999, Appellant pleaded guilty to Possession of Marijuana in an amount greater than five pounds, but less than fifty pounds. The trial court deferred an adjudication of guilt and placed Appellant on community supervision for a period of four years. Under the terms of his supervision, Appellant was permitted to live and work in Juarez, Mexico.[3] But, among other things, Appellant was required to: (1) report monthly in person to his probation officer in El Paso; (2) inform his probation officer of his current place of residence; and (3) refrain from moving to a new residence until receiving written permission from his probation officer.

---

[3] It is unclear from the existing record how this special permission came to be included in Appellant's community supervision terms. Because the appellate record currently includes only the transcript from Appellant's revocation hearing, but not the original hearing at which he was placed on community supervision, we do not know what discussions, if any, took place with respect to this special term at the time that it was granted—either on or off the record. In any event, because we are not reaching the merits of the estoppel issue in this opinion, we need not definitively resolve this factual question. And, should it choose to do so, the court of appeals can request supplementation of the record on this point.

Shortly after being placed on community supervision, Appellant stopped reporting to his probation officer. In March 2002, the State filed a motion to revoke community supervision and adjudicate guilt in which it alleged that Appellant failed to report to his probation officer from December 1999 through December 2001. The trial court then issued a capias for his arrest. Appellant was eventually located in El Paso and arrested in August 2017. At Appellant's bond hearing, his counsel stated that he moved to El Paso sometime in 2010. The State, however, indicated that the El Paso County Sheriff's Office had no knowledge of Appellant's location until his arrest.

In January 2018, the trial court held a revocation hearing. At the hearing, Adrian Aguirre, a court-liaison officer with the El Paso County Adult Probation Department, testified that Appellant was placed on community supervision in October 1999, stopped reporting by December, and never again reported. Officer Aguirre further testified that Appellant had provided only a single address in Mexico for his employment and place of residence. The Department twice mailed letters to Appellant's provided address—once for failure to appear in December and again for failure to appear in January. The Department next attempted to make contact at the telephone number Appellant had provided, but they were unable to reach him. At that point, the Department considered Appellant an absconder and submitted violation notices to the district attorney's office. The State filed a motion to adjudicate, and the court immediately issued a capias order for Appellant's arrest. Officer Aguirre conceded that no state officer attempted to visit Appellant in person at his Juarez address, but that was because the Department cannot attempt home visits when a defendant lives outside the United States.

In response to this testimony, Appellant raised the statutory due diligence defense under Code of Criminal Procedure Article 42A.109. Under this statute, it is an affirmative defense to revocation for a failure-to-report violation if the State did not attempt to contact the defendant in person at the defendant's last-known residence or employment address. Although this statute was not codified until 2003 (after Appellant had already absconded), Appellant argued that the due diligence defense was recognized under the common law before the statute's enactment. Therefore, Appellant contended that pursuant to this defense, the State's failure to attempt an in-person visit to his provided address in Juarez, Mexico, barred the revocation of his community supervision. The State countered that Appellant should not get the benefit of receiving special permission to live in another country while also using the State's lack of jurisdiction to conduct an in-person visit as a defense against revocation. The court ultimately agreed with the State "in the interest of justice," revoked Appellant's community supervision, and adjudicated him guilty. The court sentenced Appellant to ten years' imprisonment but suspended imposition of sentence and placed him on community supervision for a term of ten years. Appellant timely appealed the court's judgment adjudicating guilt.

### B.    Court of Appeals

On direct appeal, Appellant raised two issues: (1) whether the trial court failed to properly consider the due diligence defense, and (2) even if the trial court did consider the defense, whether the court nevertheless erred in revoking his community supervision because the State admitted that it failed to attempt in-person contact at Appellant's last

known residence or place of employment, such that the due diligence defense plainly applied here.

The State's arguments in response can be summarized as follows: Appellant failed to show that the State did not exercise due diligence in attempting to contact him because, under the circumstances of this case, in-person contact was legally impossible (and thus, futile). Therefore, the probation department did only what it had the jurisdictional authority to do—i.e., mail letters to Appellant's last-known address and call the phone number he provided. The State also raised a policy-based argument, asserting that because Appellant "was given a huge benefit when . . . the trial court granted him permission to live and work in Mexico as he requested," faulting the State for failing to attempt in-person contact when Appellant "intentionally remained in Mexico beyond the jurisdictional reach of the probation department . . . would not serve the interest of justice."

The Eighth Court of Appeals sustained Appellant's second point of error and held that the evidence was insufficient to support the trial court's rejection of the due diligence defense. Therefore, it reversed the trial court's judgment and remanded the case with instructions to dismiss the motion to adjudicate. *Martell v. State*, 615 S.W.3d 269, 277 (Tex. App.—El Paso 2020). In so doing, the court considered and rejected both the State's primary impossibility/futility argument and its secondary policy argument. *See id.* at 274–76. As to the first, the court noted that the "notion that the law does not require a futile act . . . has been applied almost solely in . . . the totality-of-the-circumstances reasonableness inquiry for prosecutorial good-faith in seeking an unavailable witness." *Id.* at 276. And where it has appeared in other contexts, the court concluded "that the concept can[not]

apply to a situation where the Legislature has chosen to specifically circumscribe the limits of a Court's analysis on the issue of an affirmative defense like the one at issue here." *Id.*

Regarding the State's policy argument, the court discussed our opinion in *Garcia v. State*, 387 S.W.3d 20 (Tex. Crim. App. 2012):

> In *Garcia*, the Court of Criminal Appeals observed that, in codifying the due-diligence affirmative defense, the Legislature made the defense more favorable to the State than the common-law version in multiple ways. *See Garcia*, 387 S.W.3d at 23. So observing, the Court wrote, "[i]t is plain that the Legislature intended to eliminate" certain common-law aspects of the defense in enacting different, specific provisions for the newly-codified defense, and the Court noted that "the Legislature apparently rejected the policy arguments" for those aspects not incorporated into the newly-codified defense. *See id.* at 24–25. The Court expressly concluded, "[w]e may not override the Legislature's intent in favor of countervailing policy considerations." *Id.* at 25.

*Martell*, 615 S.W.3d at 274. The court later relied on these portions of *Garcia* and noted that "the Court of Criminal Appeals . . . expressly cautioned against overriding the Legislature's intended application of the due-diligence affirmative defense[.]" *Id.* at 276 (citing *Garcia*, 387 S.W.3d at 23–25). Thus, the court of appeals concluded that it could not "carve out an exception to the statutory due-diligence affirmative defense based on case-specific factual concerns" and was instead required to follow the statute's "plain dictates." *Id.*

The State timely filed its petition for discretionary review challenging the court of appeals' decision, which this Court granted.[4]

---

[4] The State presents the following ground for review:

> After holding that the evidence was legally and factually insufficient to support the trial court's rejection of the defendant's due-diligence affirmative defense, the Court of Appeals erred in failing to further address the issue of estoppel, even though the State raised the estoppel issue in the trial court, the trial court relied on

### C.       The parties' arguments

On discretionary review, the State now argues that the court of appeals erred by addressing only one of the State's two alternative arguments raised in response to Appellant's second point of error before that court. According to the State, it advanced two distinct theories: (1) the court should create a judicial exception to the due diligence statute that applies under these circumstances; and (2) Appellant should be estopped from relying on the statutory due diligence defense by virtue of the benefit he received in being permitted to live in Mexico.[5] The State acknowledges that the court of appeals considered and rejected the first theory, but it argues that the court failed to consider the second. Because it claims that the court of appeals failed to address every issue necessary to the final disposition of the appeal, the State asks this Court to remand the case for resolution of the estoppel argument. *See* TEX. R. APP. P. 47.1.

In response, Appellant contends that the State presented only one argument before the court of appeals. And even if the State did raise an estoppel argument, Appellant contends that it is not an applicable legal theory because it was not raised before the trial court. Because it was not raised, Appellant had no opportunity to develop the record to defend against it. Accordingly, Appellant claims that considering the theory at this stage would work a manifest injustice. Finally, Appellant argues that estoppel does not apply to this case.

---

the estoppel issue in proceeding to adjudicate the defendant's guilt, and the State again raised the estoppel issue in the Court of Appeals.

[5] The State's secondary policy argument is the basis for its claim that it raised the issue of estoppel before the court of appeals. *See* State's Br. at 11.

## II.    Analysis

The courts of appeals are obligated to hand down written opinions addressing "every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. This rule requires courts to "show their work" such that the opinion tells the parties why a particular argument is or is not successful. *Sims v. State*, 99 S.W.3d 600, 603–04 (Tex. Crim. App. 2003). When an intermediate court's opinion fails to address a party's argument, the proper remedy is for this Court to vacate the decision and remand the cause to the lower court for consideration of the neglected argument. *Kombudo v. State*, 171 S.W.3d 888, 889 (Tex. Crim. App. 2005) (per curiam).

The State cites these principles in support of its position that it is entitled to a remand for the court of appeals to consider its estoppel argument. Based on our review of the State's brief on direct appeal, however, it does not appear to us that the State clearly raised the issue of estoppel in the court of appeals, such that we cannot fault the court of appeals entirely for failing to address one of the State's arguments. Nevertheless, by contending that Appellant should not be permitted to reap the benefit of receiving special permission to live in another country while also using that benefit as a shield against revocation, the State at least implicitly raised the issue of estoppel in both the trial court and on appeal. Further, under our established appellate principles, the State was not required to preserve its estoppel argument by raising it below. We have explained that, as the "winner" in the trial court, an appellee may raise claims in support of the trial court's ruling for the first time in a petition for discretionary review before this Court. *See Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007); *see also McClintock v. State*, 444 S.W.3d 15, 20

(Tex. Crim. App. 2014) (explaining that a prevailing party at trial "need not raise a particular argument in favor of the trial court's ruling in a reply brief on appeal as a predicate to later raising it in a discretionary review context"). This is because an appellee is not required to file a responsive brief in the court of appeals at all; and regardless of whether the appellee files a brief, the intermediate court must "conduct a thorough review of an appellant's claims, including any subsidiary issues that might result in upholding the trial court's judgment." *Volosen*, 227 S.W.3d at 80. To be sure, a trial court's ruling must generally be upheld if it is correct "on any legal theory applicable to the case, even one that was not mentioned by the trial court or the appellee." *Spielbauer v. State*, 622 S.W.3d 314, 319 (Tex. Crim. App. 2021). This principle is known as the "right ruling, wrong reason" doctrine. *State v. Herndon*, 215 S.W.3d 901, 905 n.4 (Tex. Crim. App. 2007).

Under these principles, even if the State did not clearly raise estoppel before the court of appeals, the State has not forfeited that argument. *See Pena v. State*, 201 S.W.3d 764, 765 (Tex. Crim. App. 2006) ("The State was not required to preserve anything because it was successful in the trial court."). And, as noted above, the court of appeals was required to uphold the trial court's ruling on any applicable legal theory. Because the court below has not yet considered the applicability of the State's estoppel argument to Appellant's case, the proper disposition here is to remand this case to the court of appeals for it to reach a decision on that issue in the first instance. *See McClintock*, 444 S.W.3d at 20. In doing so, the parties will have the opportunity to fully brief the issue to the court of appeals. *See Hudson v. State*, 394 S.W.3d 522, 525 n.16 (Tex. Crim. App. 2013).

## III.    Conclusion

As the prevailing party in the trial court, the State is entitled to raise its estoppel theory in support of the trial court's ruling for the first time on discretionary review. Because the court of appeals has not yet considered the State's estoppel theory, we vacate the judgment of the court of appeals and remand for further proceedings consistent with this opinion.

DELIVERED: May 11, 2022
PUBLISH