# NO. 12-13-00313-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARRIE MILLS CRON,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Carrie Mills Cron appeals her conviction for felony theft. Appellant raises one issue on appeal, challenging the trial court's jurisdiction to revoke her community supervision. We affirm.

## BACKGROUND

A Henderson County grand jury returned an indictment against Appellant, alleging that she committed the offense of theft in an amount of $1,500 or more but less than $20,000. Appellant was placed on deferred adjudication community supervision for a period of six years. The State filed a motion to proceed with adjudication of guilt and sentence before Appellant's community supervision expired. Appellant was not arrested, nor was a hearing conducted, until after the term of Appellant's community supervision expired. After a hearing, the trial court found the allegations contained in the State's motion to proceed "true," adjudicated Appellant guilty of theft, and sentenced her to two years of confinement. This appeal followed.

## REVOCATION OF COMMUNITY SUPERVISION

In her sole issue, Appellant contends that the trial court lost jurisdiction to adjudicate her guilty of the offense of felony theft because the State failed to exercise due diligence to

apprehend her prior to the expiration of her community supervision. The State argues that the trial court's judgment should be affirmed because Appellant's community supervision was revoked on grounds not applicable to the due diligence defense.

## Standard of Review

We review a trial court's judgment revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A single sufficient ground for revocation will support a trial court's judgment revoking community supervision. *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978). A trial court's order revoking community supervision will be affirmed if an appellant does not challenge all grounds upon which the trial court revoked community supervision. *Moore v. State*, 605 S.W.2d 926, 926 (Tex. Crim. App. [Panel Op.]1980).

## Applicable Law

At any time during the period of community supervision, a judge may issue a warrant for violation of any of the conditions of community supervision and cause the defendant to be arrested. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2013). A court retains jurisdiction to "revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant." *Id.* art. 42.12, § 21(e).

It is an affirmative defense to revocation for an alleged failure to report to a supervision officer or to remain within a specified place that the state "failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered." *Id.* art. 42.12, § 24. Section 24 applies only to revocation allegations involving failure to report to an officer as directed, and failure to remain within a specified place. *See id.*; *Garcia v. State*, 387 S.W.3d 20, 23-26 (Tex. Crim. App. 2012) ("The legislative history reveals that the Legislature intended to replace the common[]law requirement with the due[]diligence statute to reallocate the burden of proof in those instances in which the State has timely alleged violations but has not arrested the defendant before the community[]supervision period has expired.").

2

**Discussion**

On February 14, 2007, the trial court signed an order that placed Appellant on deferred adjudication community supervision for a period of six years.[1] The order set forth Appellant's conditions of community supervision, which required Appellant to report to her supervision officer at least once each month; pay a supervision fee of $40.00 each month; pay her court costs, fine, court appointed attorney's fees, and restitution at the rate of $255.00 each month until paid in full; and complete three hundred hours of community service at the rate of ten hours each month.

On October 31, 2007, the State filed its motion to proceed with adjudication of guilt and sentence. In its motion, the State alleged that Appellant

> failed to report to her Community Supervision Officer as directed
> for the months of August, September[,] and October, 2007;
>
> . . .
>
> failed to pay $40.00 per month as directed for supervision fees for
> the months of August, September[,] and October, 2007;
>
> . . .
>
> failed to pay $255.00 per month as directed for [c]ourt costs,
> restitution[,] and a fine for the months of August, September[,] and
> October, 2007;
>
> [and]
>
> failed to work 10 hours per month of community service work as
> directed for the months of June, July, August, September[,] and
> October, 2007[.]

An order for capias was signed on November 14, 2007, a capias was issued on November 26, 2007, and Appellant was arrested on August 29, 2013.

The hearing on the State's motion to proceed with adjudication was conducted well beyond the expiration of Appellant's term of community supervision. However, the trial court had jurisdiction because (1) the State filed its motion to proceed with adjudication prior to the

---

[1] The order specified that the term of community supervision was to begin on "this date," which was February 14, 2007.

expiration date, (2) the capias for Appellant's arrest was issued prior to the expiration of Appellant's community supervision, and (3) the affirmative defense of due diligence is not jurisdictional. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b), (e), § 24; *see also Garcia*, 387 S.W.3d at 23-24; *Isidro v. State*, No. 04-13-00071-CR, 2013 WL 5570833, at *3 n.2 (Tex. App.—San Antonio Oct. 9, 2013, no pet.) (mem. op., not designated for publication) (common law due diligence defense requiring state to prove by preponderance of evidence that it used due diligence in executing capias and holding a hearing on motion to revoke replaced by statutory defense in Section 24 of article 42.12).

Even if we assume the State failed to exercise due diligence in this case, the trial court did not abuse its discretion in adjudicating Appellant's guilt and revoking her community supervision. The due diligence defense is not available with respect to the State's allegations that Appellant failed to pay supervision fees; failed to make payments on the total balance of the court costs, restitution, and fine she owed; and failed to work ten hours of community service for the months of June, July, August, September, and October. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24; *Garcia*, 387 S.W.3d at 26. Appellant does not challenge any of these three grounds on appeal. Because the revocation of Appellant's community supervision is justified on the grounds not challenged on appeal, we conclude the trial court did not abuse its discretion in adjudicating Appellant's guilt and revoking her community supervision. *See Rickels,* 202 S.W.3d at 763; *Moore*, 605 S.W.2d at 926; *Minex v. State*, No. 12-13-00062-CR, 2013 WL 5966355, at *2 (Tex. App.—Tyler Nov. 6, 2013, no pet.) (mem. op., not designated for publication). We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered June 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 30, 2014

### NO. 12-13-00313-CR

**CARRIE MILLS CRON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. C-14,833)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*