

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-16-00403-CR

ANGELICA RENEE GRAY          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1091484D

----------

## MEMORANDUM OPINION[1]

----------

In a single point, Appellant Angelica Renee Gray complains that the trial court abused its discretion by revoking her community supervision. We affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

On February 18, 2009, Appellant pleaded guilty to the second-degree felony offense of aggravated assault with a deadly weapon, and the trial court placed her on six years' deferred adjudication community supervision. The trial court extended Appellant's community supervision for one year in 2015 and for another year in 2016.

On May 24, 2016, the State filed a petition to proceed to adjudication, alleging that Appellant had violated her community supervision conditions by committing the new offense of aggravated assault with a deadly weapon, by possessing a firearm away from her home, and by illegally using a controlled substance, namely marijuana. Appellant pleaded not true to the aggravated assault and possession allegations, but she pleaded true to the controlled substance allegation. The trial court found true the State's possession and controlled-substance allegations, adjudicated Appellant guilty of aggravated assault with a deadly weapon, and sentenced her to 12 years' confinement.

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]

2

1981), and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493.

In her sole point, Appellant argues that the trial court abused its discretion by revoking her community supervision because the evidence was insufficient to show that Appellant possessed a firearm away from her residence. However, we need not resolve that question because Appellant pleaded true to the State's allegation that she illegally used a controlled substance.

Proof of a single violation of community supervision conditions is sufficient to support an order revoking community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)). And a plea of true to any one allegation of a violation of a condition of community supervision, standing alone, is sufficient to support a finding that that community supervision condition has been violated. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). Since Appellant pleaded true to the controlled substance allegation, the trial court did not abuse its discretion by revoking her community supervision. We overrule Appellant's sole point.

Having overruled Appellant's sole point, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 27, 2017