

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00446-CR

ROCKY RAYNELL HARVEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3825, Honorable Stuart Messer, Presiding

May 10, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Rocky Raynell Harvey appeals from the trial court's order revoking his deferred adjudication community supervision, adjudicating him guilty of the second-degree felony offense of burglary of a habitation,[1] and sentencing him to serve twenty

---

[1] TEX. PENAL CODE ANN. § 30.02 (West 2018).

years in prison.[2]  Appellant challenges the trial court's revocation through four issues.  We will affirm.

## Background

When in May 2017 appellant pled guilty to the felony offense of burglary of a habitation, the court deferred adjudication of his guilt and placed him on community supervision for a period of four years.  After appellant's community supervision officer reported violations of several of the terms and conditions of his community supervision, the State filed a motion to adjudicate guilt.  It contained nine alleged violations, including one alleging appellant consumed marijuana in January 2018 despite the condition requiring him to "totally abstain" from its possession or use.

At the outset of the hearing on the State's motion, the State waived one of the violation allegations and after appellant entered a plea of "not true" to the remaining allegations, the court received evidence.  Several witnesses testified, including appellant's community supervision officer and appellant.

The community supervision officer testified to the conditions of appellant's community supervision and appellant's understanding of them, including that requiring him to abstain from using marijuana.  She also described for the court appellant's January 2018 positive drug test and appellant's written and verbal admissions of use of marijuana in January 2018.  She also stated she waited to file a report of appellant's violations to provide to him a chance to attend drug counseling.  She referred appellant to a drug

---

[2] This is a second-degree felony punishable by any term of imprisonment for not less than two years or more than twenty years and a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.33 (West 2018).

counselor, but testified that when appellant met with the counselor, he refused to admit his marijuana use was problematical and did not successfully complete the counseling. The community supervision officer also told the court of appellant's failure to submit to a required drug test in December 2017, his failure to complete community service hours and to attend certain court-ordered classes, and his failure to pay required fines, fees, and costs, as well as of confrontations she had with appellant over those financial obligations.

Appellant testified, acknowledging his positive drug test and his admission of use, but telling the court he attended drug counseling and had provided four negative tests since then. He also told the court he failed to meet his court-ordered financial obligations because he needed the money he made from his job to "establish" himself after being homeless. He further provided explanations for his failure to meet his other court-ordered obligations. On cross-examination, the State explored those explanations, and reviewed with appellant his record of prior convictions.

After the hearing, the court found sufficient evidence under the requisite standard to find appellant violated four of the conditions, including the condition requiring him to abstain from using marijuana, found appellant guilty of burglary of a habitation, revoked his community supervision, and sentenced him as noted.

Analysis

Appellant's four issues address the evidence supporting each of the four terms of community supervision the trial court found appellant had violated. When moving to revoke community supervision, the State has the burden of showing by a preponderance

3

of the evidence that the defendant committed a violation of a condition of community supervision. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State satisfies this burden when the "greater weight of credible evidence" creates "a reasonable belief that the defendant has violated a condition of his probation." *Rickels v. State,* 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006) (citation omitted).

Reviewing the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling while recognizing that the "trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker v. State,* 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Our review is limited to determining whether the trial court abused its discretion and proof of a single violation is sufficient to support revocation. *Garcia v. State,* 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (citing *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)).

The community supervision officer testified appellant was on community supervision for a little over a year when he tested positive for marijuana on a drug screen. After the positive result, appellant admitted his use verbally and in writing. His written admission was in evidence at the hearing.

Appellant now appeals, arguing with regard to revocation based on his use of marijuana that his compulsory attendance in drug counseling served as a modification of his terms of community supervision and thus should not form the basis for revocation. We cannot agree with appellant's contention. The record contains no mention of any modification of the terms and conditions of appellant's community supervision. And

4

appellant did not satisfactorily complete drug counseling. Appellant cites no case law to support his contention that such participation constitutes a modification that would render this ground improper as a basis on which to revoke his community supervision.

The evidence of appellant's violation of this condition is clear and uncontroverted and thus sufficient, by a preponderance of the evidence, to support revocation of appellant's community supervision. *See, e.g., Keelin v. State,* No. 07-13-00420-CR, 2014 Tex. App. LEXIS 8936, at *6-7 (Tex. App.—Amarillo Aug. 13, 2014, pet. ref'd) (mem. op., not designated for publication) (citing *Rickels,* 202 S.W.3d at 764) (similar finding).

While sufficient evidence of a single violation supports revocation of community supervision, *Garcia,* 387 S.W.3d at 26, we note that the trial court had before it evidence sufficient to support appellant's violation of other conditions as well. The community supervision officer testified appellant failed to enroll in any of the classes required by his community supervision order. She also testified appellant failed to submit to a random drug test in December 2017. On that day, appellant told her he did not have time to complete the test because he needed to get back to work. Appellant admitted to these failures but provided explanations for each. As fact finder, however, the trial court was not required to accept appellant's explanations and was free to accept the supervision officer's testimony. *See Hacker,* 389 S.W.3d at 865 (trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony) (citation omitted).

For these reasons, we overrule appellant's issues.

Conclusion

Having resolved appellant's issues against him, we affirm the judgment of the trial court.  *See* TEX. R. APP. P. 43.2(a).

James T. Campbell
Justice


Do not publish.