

# NUMBER 13-18-00390-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSHUA ANTHONY KITCHENS,                                            Appellant,

v.

THE STATE OF TEXAS,                                                     Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellant, Joshua Anthony Kitchens, challenges the trial court's judgment revoking

his community supervision and seeks a new punishment trial.   Kitchens alleges that he

received ineffective assistance of counsel.   We affirm.

### I.   BACKGROUND

Kitchens   was   indicted   for   failing   to   comply   with   sex   offender   registration

requirements in December of 2015, a third-degree felony. *See* TEX. PENAL CODE ANN. §
62.102(b)(2).[1]  In exchange for the State's abandonment of an enhancement paragraph,
which had been included with the indictment due to a previous conviction of the same
offense, Kitchens entered into a plea agreement with the State.   The trial court accepted
his guilty plea and sentenced him to ten years imprisonment, suspended for a period of
five years' community supervision, a $2,000 fine, and court costs.

In March of 2018, the State filed a motion to revoke Kitchens' community
supervision, alleging that he violated multiple conditions of his probation.[2]  Appellant
pleaded true to all the allegations in the State's motion to revoke except the violation of
condition 7, claiming he did not change his place of residence without approval from his
supervising officer.   After a contested hearing, the court found the other allegations to be
true, determined that Kitchens had violated condition 7 of his probation, revoked his
community supervision, and sentenced Kitchens to ten years' imprisonment.   This
appeal followed.

## II.    DISCUSSION

By one issue, Kitchens argues that his trial counsel provided ineffective assistance
of counsel by allowing him to plead true to multiple violations.

### A. Standard of Review and Applicable Law

A defendant claiming ineffective assistance of counsel is required to show that (1)

---

[1] In 1998, Kitchens was convicted of the felony offense of Indecency with a Child by Contact,
requiring him to register annually with the state for life.

[2] The motion to revoke alleged Kitchens violated the following conditions of supervised release: (1)
committing a new offense, (7) changing place of residence without approval from supervising officer, (8)
leaving county of residence without permission, (11) failing to report for 3 months, (17) failing to pay court
costs, (18) failing to pay supervision fees, and (26) failing to pay the crime stopper fee.

defense counsel's performance was deficient, and (2) counsel's deficient performance prejudiced justice, depriving the appellant of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986); *Curcuru v. State*, No. 13-08-00734-CR, 2010 WL 5020178, at *11 (Tex. App.—Corpus Christi–Edinburg Dec. 9, 2010, no pet.) (mem. op., not designated for publication). The defendant must show that both prongs have been met by a preponderance of evidence. *Munoz v. State*, 24 S.W.3d 427, 434 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.).

**1. Deficiency Prong**

The first part of the *Strickland* test requires a showing that defense counsel's errors were so serious, that they undermined the proper functioning of the adversarial process guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 686. Judicial scrutiny assessing an attorney's performance is highly deferential, requiring the defendant to overcome the strong presumption that counsel's conduct fell within a "wide range of reasonable professional assistance." *Bones v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2006); *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

A defendant claiming ineffective assistance of counsel must show that, under the totality of the circumstances, the challenged actions would not be considered sound trial strategy. *Bones*, 77 S.W.3d at 836; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The court must eliminate all hindsight, reconstruct counsel's circumstances, and evaluate the challenged conduct from counsel's perspective at the time in question. *Stafford v. State*, 813 S.W.2d 503, 506 110 (Tex. Crim. App. 1991). Our review should

3

focus on the objective reasonableness of counsel's conduct in light of the entire record. *Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim App. 2013). Allegations of ineffectiveness must be firmly founded in the record, demonstrating the meritorious nature of the defendant's ineffective assistance of counsel claim. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 813. A silent record usually fails to overcome the presumption that an action challenged by the defendant may be considered strategic and within the range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813; *Stafford*, 813 S.W.2d at 506.

### 2. Prejudice Prong

The second part of the *Strickland* test requires a defendant to show that trial counsel's deficient performance was so serious, it deprived the defendant of a fair trial. *Strickland*, 466 U.S. at 687. Errors made by counsel, even if professionally unreasonable, do not warrant setting aside a judgment unless the appellant can affirmatively prove the error prejudiced his defense, and in turn, his trial. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999). When determining if the reliability of a trial was prejudiced by counsel's errors, a defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Thompson*, 9 S.W.3d at 812. Therefore, the question we must ask under the prejudice inquiry is: has the defendant met the burden of showing that the decision reached would likely have been different absent the errors of trial counsel? *Strickland*, 466 U.S. at 695.

4

**B.** **Analysis**

**1. Ineffective Assistance of Counsel**

Kitchens argues that his trial attorney failed to provide effective assistance of counsel.[3] Kitchens contends that counsel performed inadequately by: (1) supporting Kitchens's decision to plead true to multiple violations, when he should have opposed; (2) failing to stay current on probation revocation hearings; and (3) failing to object to the State's closing argument.[4]

Because the record is silent regarding the reasons for counsel's decisions, appellant cannot show counsel performed deficiently. *See Thompson*, 9 S.W.3d at 813; *Stafford*, 813 S.W.2d at 506. Even if we assume that Kitchens provided sufficient evidence within the record to show trial counsel performed deficiently and prejudiced his defense, the result would not change. Kitchens contested his violation of condition 7, but the court found for the State. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). A trial court may revoke community supervision based on the proof of even a single violation. *Id.* Kitchens changing his place of residence without prior approval is enough to revoke his community supervision on its own.

Unless counsel's challenged action is so outrageous that no competent attorney would engage in it, this Court will not label an attorney deficient without first providing counsel with an opportunity to explain his strategy and actions. *Goodspeed*, 187 S.W.3d

---

[3] The Texas Court of Criminal Appeals has previously held that a defendant does not waive his right to appeal on the grounds of ineffective assistance of counsel through inaction at the trial court. *Robinson v. State*, 16 S.W.3d 808, 810 (Tex. Crim. App. 2000). Therefore, Mr. Kitchens was not required to preserve the issue at the trial level.

[4] Because appellant did not provide any argument or supporting case law to present his claim regarding the State's closing argument, we consider it waived. *See* TEX. R. CIV. P. 38.1(i).

at 392. Kitchens presented no evidence to support either prong of the *Strickland* analysis. *Strickland*, 466 U.S. at 686. By failing to provide any clarification or case law to explain his claims regarding the State's closing argument and counsel's failure to stay current on revocation hearings, we must consider that Kitchens waived both arguments. Tex. R. App. P. 33. Without evidence or the opportunity for trial counsel to explain his actions, we overrule Kitchen's claim of ineffective assistance of counsel.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
3rd day of July, 2019.