

# NUMBER 13-18-00658-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BRIAN EVANS,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

## On appeal from the 94th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Longoria**

The trial court revoked appellant Brian Evans's community supervision,

adjudicated him guilty of sexual assault of a child, a second-degree felony, and sentenced

him to three years' confinement. *See* TEX. PENAL CODE ANN. § 22.011. By two issues, Evans contends that the evidence was insufficient to support the trial court's finding that he violated the terms of his community supervision and that the punishment was disproportionate to the seriousness of the alleged offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

By his first issue, Evans contends the trial court's finding that he violated the terms of his community supervision by failing to comply with the annual sexual offender registration requirements was not supported by a preponderance of the evidence.

### A. Standard of Review and Applicable Law

We review an order revoking community supervision under an abuse of discretion standard of review. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The State has the burden to prove by a preponderance of the evidence that the defendant violated the terms of community supervision. *Id*. at 763–64. In other words, the State must show that the "greater weight of the credible evidence . . . would create a reasonable belief that the defendant has violated a condition of his probation." *Id*. at 764. Revocation is supported if there is proof that there is at least one violation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("[P]roof of a single violation will support revocation.") (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)). We view the evidence in the light most favorable to the trial court's ruling when determining whether there is sufficient evidence to support revocation of community supervision. *Cardona*, 665 S.W.2d at 493; *Martinez v. State*, 563 S.W.3d 503, 510 (Tex. App.—Corpus Christi–

2

Edinburg 2018, no pet.); *see also Lopez v. State*, No. 13-18-00130-CR, 2019 WL 2381463, at *3 (Tex. App.—Corpus Christi–Edinburg June 6, 2019, no pet. h.) (mem. op., not designated for publication) (citing *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013)).

Evans would violate the terms of his community supervision if he failed to comply with the sexual offender registration requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102. Article 62.055 provides that a registered sex offender who intends to change his address must report in person to the local law enforcement authority and to his supervising community supervision officer seven days before the intended change. *See id.* art. 62.055. The person must provide his anticipated move date and new address. *Id*.

## B.     The Evidence

At the revocation hearing, evidence was presented that, as a condition of community supervision, the trial court ordered Evans to comply with the sexual registration requirements as set out in article 62.102.[1] *See id*. art. 62.102. Yolanda Balli, a management assistant with the Corpus Christi Police Department who is "in charge of registration and compliance for sex offenders," testified that Evans had been scheduled to report to her in December 2017 but did not appear. Balli stated that she set up another

---

[1] Article 62.051 of the Texas Code of Criminal Procedure states:

*A person* who has a reportable conviction or adjudication or *who is required to register as a condition of* parole, release to mandatory supervision, or *community supervision* shall register or, if the person is a person for whom registration is completed under this chapter, verify registration as provided by Subsection (f), with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. If the person does not reside or intend to reside in a municipality, the person shall register or verify registration in any county where the person resides or intends to reside for more than seven days.

TEX. CODE CRIM. PROC. ANN. art. 62.051 (emphasis added). Evans's conditions of community supervision specifically required his compliance with the sexual offender registration requirements.

3

appointment with Evans for January 10, 2018, and when he appeared for that appointment, "[h]e was arrested for noncompliance because he did not come in to register as he was scheduled to."

Balli explained that although Evans was technically only required to report to her once a year, she met with Evans on six occasions between January 10 and October 8, 2018, and Evans did not comply with the registration requirements during that time.[2] Balli stated that on September 7, 2018, Evans told her he lived at the Good Samaritan Rescue Mission (Good Samaritan); however, Evans did not have an ID showing that the Good Samaritan was his residence. Balli instructed Evans to return in a month with an updated ID showing the Good Samaritan as his residence. According to Balli, on October 8, 2018, Evans reported that he lived at a different address and admitted that he had moved from the Good Samaritan but had not reported that to her within seven days as required. And, on cross-examination by Evans's trial counsel, Balli clarified that she discovered that Evans had never lived at the Good Samaritan based on a compliance check.

Jennifer Saenz, a Brazoria County Adult Probation officer, testified that she had previously worked as a Nueces County Adult Probation officer in the sex offender unit. Saenz explained that one of her job duties was to make sure that sex offenders were complying with registration requirements. Saenz testified that she was Evans's probation officer "[f]rom the time that he started probation until [she] left the department." Saenz stated that Evans's registered address was the Good Samaritan, but when she completed a compliance check, she discovered that the Good Samaritan "had no record of [Evans]

---

[2] On cross-examination by Evans's trial counsel, Balli testified that Evans could only register his address with her.

4

ever living there . . . ." The State asked, "And based on the information that you have or that you had at the time, was [Evans] allowed to live anywhere else?" Saenz replied, "No." On cross-examination by Evans's trial counsel, Saenz said when she confronted him about the Good Samaritan address, he told her that he had not stayed there.

Evans testified that he currently lived at an address that is 584 feet from an elementary school, an address Evans said was not approved. Evans claimed he stayed one night at the Good Samaritan; however, he never went back to the Good Samaritan because he saw that there was "a high presence" of drugs and alcohol. Evans agreed with his trial counsel that he was aware that he was required to register his address once a year, and he claimed that he "tried" to comply with that requirement.[3]

On cross-examination, Evans admitted that he did not "stay" at the Good Samaritan and left on September 8, 2018.[4] The State asked, "So that means you would have had to report or register again by September 15 or September 16, correct?" Evans said, "Absolutely." However, Evans agreed with the State that he did not do so.

## C. Discussion

At the revocation hearing, the State presented evidence that although Evans reported that he lived at the Good Samaritan, he did not live there. And even assuming the trial court believed Evans when he said that he spent one night at the Good Samaritan and left, Evans admitted that he failed to register his new address as required. *See* TEX. CODE CRIM. PROC. ANN. art. 62.055. Viewing the evidence in the light most favorable to

---

[3] Evans claimed he had been homeless from July 20, 2018 until the beginning of September 2018. However, Balli explained that even if Evans were homeless, he could have registered, but he would have been required to report to her every thirty days until he found a place to live. Evans did not do so.

[4] Carl Howell, the case manager of the Good Samaritan, testified that he has reviewed the records going back to 2004 and there are no records of Evans living at the Good Samaritan.

5

the trial court's finding, we conclude the State proved by a preponderance of the evidence that Evans violated the terms of his community supervision by failing to comply with the sexual offender registration requirements. *See Cardona*, 665 S.W.2d at 493; *Martinez*, 563 S.W.3d at 510; *see also Lopez*, 2019 WL 2381463, at *3. Accordingly, the trial court did not abuse its discretion by revoking Evans's community supervision. *See Rickels*, 202 S.W.3d at 763; *see also Garcia*, 387 S.W.3d at 26. We overrule Evans's first issue.

## II. DISPROPORTIONATE SENTENCE

By his second issue, Evans contends that the punishment assessed by the trial court was disproportionate to the seriousness of the alleged offense in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *See* U.S. CONST. amend. VIII, XIV. The State responds that Evans failed to preserve this issue for appeal. We agree with the State.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *Id*. amend. VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV. This right, and every constitutional or statutory right, can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object the appellant did not preserve an argument that the sentence was grossly disproportionate to offense); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no

6

pet.) (same); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) (holding cruel and unusual punishment argument waived by failure to object); *see* TEX. R. APP. P. 33.1

Here, Evans neither objected when the trial court pronounced the three-year sentence, nor complained, in any post-trial motion, that the sentence was disproportionate, excessive, or violated the Eighth Amendment. Therefore, Evans has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even if Evans objected, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual.[5] *See Trevino*, 174 S.W.3d at 928. We overrule Evans's second issue.[6]

### III. CONCLUSION

---

[5] The punishment for a second-degree felony is confinement in the Texas Department of Criminal Justice for any term between two and twenty years. TEX. PENAL CODE ANN. § 12.33.

[6] Evans invites us to analyze whether his sentence was disproportionate by applying the factors as set out in *Solem v. Helm*, 463 U.S. 277, 290–91 (1983). However, in the trial court, Evans failed to raise the *Solem* factors or present any evidence of the *Solem* factors including evidence of the sentences imposed on other criminals in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions. *See id*. at 292. Thus, we are unable to perform a *Solem* analysis. *See Sullivan v. State*, 975 S.W.2d 755, 757 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.).

7

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2019.