# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00769-CR

**Kimberly Roming, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-14-205956, THE HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On February 6, 2015, Kimberly Roming was placed on five years' deferred-adjudication community supervision after pleading guilty, pursuant to a plea bargain, to the third-degree-felony offense of accident involving injury. *See* Tex. Transp. Code § 550.021(c)(2); Tex. Code Crim. Proc. art. 42A.101; *Leming v. State*, 493 S.W.3d 552, 559 (Tex. Crim. App. 2016) (referring to section 550.021 as "the failure to stop and render aid statute"). When the conditions of community supervision were imposed, Roming did not object to the conditions, complain that any condition was vague, raise a due-process challenge, or challenge her ability to pay the required fees or restitution.

The State subsequently alleged that Roming violated conditions of her community supervision and sought adjudication. *See* Tex. Code Crim. Proc. art. 42A.108. At the revocation hearing, Roming's "probation" officer testified that she met with Roming "when she was

probated" on February 6, 2015, and that Roming "last reported June 1st of 2015." The probation officer specified that Roming failed to report to the supervision office on April 10, 2015; June 16, 2015; June 19, 2015; June 22, 2015; and July 1, 2015; and subsequent dates after, meaning that "[s]he never came back." The district court adjudicated Roming guilty, revoked her community supervision, and assessed punishment at five years' imprisonment. *See id*. arts. 42A.108, 42A.110; Tex. Penal Code §12.34.

In seven issues on appeal, Roming contends that the district court erred by finding the alleged community-supervision violations to be true. We will affirm the district court's judgment adjudicating guilt.

**DISCUSSION**

Roming's seven appellate issues contend that the district court erred by:

(1) finding the allegation of "failing to report to the supervision officer as directed" to be true and denying Roming due process where the evidence was insufficient to show that Roming received notice of this community-supervision condition;

(2) finding the allegations of "failing to report to the supervision officer on April 10, 2015; June 16, 2015; June 19, 2015; June 22, 2015; July 1, 2015; and all subsequent dates thereafter" to be true and denying Roming due process where the evidence was insufficient to show that Roming received notice of her being required to report on these dates;

(3) finding the allegations of "fail[ing] to pay for and being delinquent for fees of a urine sample, court costs, attorney's fees, probation fees, a crime stopper fee, an arrest fee, and a TAIP fee" to all be true and denying Roming due process where the evidence was insufficient to show that Roming received notice of these community-supervision conditions;

(4) finding the allegation of "failing to take medications as prescribed" to be true and denying Roming due process where the evidence was insufficient to show that Roming received notice of this community-supervision condition or that Roming violated the condition;

2

(5) finding the allegation of "failing to pay restitution" to be true and denying Roming due process where the evidence was insufficient to show that Roming received notice of when payments were due and in what amount;

(6) finding the allegations of "failure to pay for and being delinquent for fees of a urine sample, court costs, attorney's fees, probation fees, a crime stopper fee, an arrest fee, and a TAIP fee" to all be true where the evidence was insufficient to prove that Roming had the ability to pay these fees and that she intentionally failed to pay them; and

(7) finding the allegation of "failure to pay restitution" to be true where the evidence was insufficient to prove that Roming had the ability to pay the restitution and that she intentionally failed to pay it.

We review a trial court's decision to revoke deferred-adjudication community supervision and proceed to an adjudication of guilt under an abuse of discretion standard—the same way that we review revocation of community supervision when determination of the defendant's guilt is not deferred. *See* Tex. Code Crim. Proc. art. 42A.108 ("The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Article 42A.751(d) [of Texas Code of Criminal Procedure] in a case in which the adjudication of guilt was not deferred."); *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Leonard v. State*, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012); *Lavigne v. State*, No. 03-19-00111-CR, 2020 Tex. App. LEXIS 1708, at *8 (Tex. App.—Austin Feb. 28, 2020, no pet. h.) (mem. op., not designated for publication); *see also Dansby v. State*, 398 S.W.3d 233, 244 (Tex. Crim. App. 2013) ("We have long held that an abuse-of-discretion standard applies when reviewing a trial judge's revocation of probation.").

**Notice of community-supervision conditions**

In her first five issues, Roming contends that her community-supervision conditions were vague and that her due-process rights were violated because there was insufficient evidence that she received notice of her community-supervision conditions.

However, a defendant placed on deferred-adjudication community supervision may raise an issue relating to the original plea proceeding only in an appeal taken when the deferred-adjudication community supervision is first imposed. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (citing *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999)); *Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013) (defendant may not accept condition of probation as part of plea agreement and challenge that condition for first time on appeal; defendant must complain at trial to conditions he finds objectionable). A defendant cannot allege that a condition of probation is vague for the first time on appeal. *Margoitta v. State*, 10 S.W.3d 416, 418 (Tex. App.—Waco 2000, no pet.); *see Douthitt v. State*, No. 06-10-00024-CR, 2010 Tex. App. LEXIS 4655, at *10 (Tex. App.—Texarkana June 21, 2010, no pet.) (mem. op., not designated for publication) (holding same in context of community supervision); *Dale v. State*, No. 04-04-00289-CR, 2005 Tex. App. LEXIS 4337, at *2 n.1 (Tex. App.—San Antonio June 8, 2005, no pet.) (mem. op., not designated for publication) ("Allegations that the conditions of probation are vague concern an appellant's conviction and punishment, and, thus, should be raised by timely appeal when the appellant is placed on probation rather than after the revocation of the appellant's probation."). Similarly, a probationer must preserve a due-process complaint by objection raised in the trial court. *Rogers v. State*, 640 S.W.2d 248, 263-64, 265 (Tex. Crim. App. 1982) (concluding that because defendant "failed to voice any due process objection to the procedures used by the trial court," he failed to preserve his complaint about probation-revocation proceedings).

Here, as we have noted, when the conditions of community supervision were imposed on Roming, she did not object to the conditions, complain that they were vague, or raise

a due-process challenge for lack of notice.[1]  We conclude that Roming failed to preserve error as to these complaints.  *See* Tex. R. App. P. 33.1(a) (requiring presentation of complaint to trial court by timely request, objection, or motion to preserve complaint for appellate review).  Accordingly, we overrule Roming's first, second, third, fourth, and fifth appellate issues alleging that her community-supervision conditions were vague and that her due-process rights were violated based on lack of notice of her community-supervision conditions.[2]

**Sufficiency of evidence supporting certain findings**

Roming's remaining issues challenge the sufficiency of the evidence supporting some of the district court's findings in the judgment adjudicating guilt.  Roming's fourth issue, in part, challenges the sufficiency of the evidence showing that she violated the condition requiring her to "[t]ake medicines as prescribed."  Roming's sixth and seventh issues challenge the

---

[1]  The only due-process complaint raised was before the presentation of evidence at the adjudication hearing, when Roming made a due-process "special exception" to the allegation that she violated a condition of her community supervision by failing to take medication as prescribed: "I have never made a special exception but I would except to the last allegation as being against due process and Texas due course of law; that is, the failure to take medication as directed."  This was untimely, as it should have been made when the condition was imposed.  Moreover, the district court did not rule on that complaint.  Without an adverse ruling, this complaint was not preserved for appellate review.  *See Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014); *see also* Tex. R. App. P. 33.1(a); *Castillo v. State*, No. 04-04-00169-CR, 2005 Tex. App. LEXIS 1207, at *7 (Tex. App.—San Antonio Feb. 16, 2005, no pet.) (mem. op., not designated for publication) (concluding that defendant forfeited his due-process complaint about revocation proceeding by failing to, among other things, obtain adverse ruling on his objection).

[2]  We further note that the record includes the "Conditions of Community Supervision" document that Roming signed on the date of her deferred adjudication.  That document contains this acknowledgement: "I acknowledge receipt of one copy of the Conditions of my Community Supervision which were read to me by my attorney and I understand and agree to obey these Conditions of Community Supervision."  *See Wiley v. State*, 410 S.W.3d 313, 315, 320 (Tex. Crim. App. 2013) (noting that defendant expressly acknowledged having read and understood conditions of community supervision by his signed declaration).

5

sufficiency of the evidence showing her ability to pay and intentional failure to pay "fees of a urine sample, court costs, attorney's fees, probation fees, a crime stopper fee, an arrest fee, and a TAIP fee" and restitution.

When, unlike here, revocation of community supervision is based *only* on a defendant's failure to pay costs and fees as required by the conditions of the defendant's community supervision, Article 42A.751(i) of the Texas Code of Criminal Procedure requires the State to prove that the defendant had the ability to pay and that the defendant failed to do so. Tex. Code Crim. Proc. 42A.751(i) ("In a revocation hearing at which it is alleged *only* that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs or by failing to pay the costs of legal services as described by Article 42A.301(b)(11), the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.") (emphasis added). But Article 42A.751(i) did not apply to Roming's revocation hearing because the allegations that she violated her community-supervision conditions by failing to pay the complained-of fees and restitution were not the only bases on which the State sought a judgment adjudicating her guilt. *Cf. id.* The State also sought adjudication based on Roming's failure to take medication as prescribed and failure to report to her supervision officer as required.

Proof of one violation will support a judgment adjudicating guilt. *See Garcia*, 387 S.W.3d 26 ("proof of a single violation will support revocation"); *Leonard*, 385 S.W.3d at 576 (stating that trial court has discretion to revoke community supervision when preponderance of evidence supports one of State's allegations that defendant violated condition of community supervision); *Lavigne*, 2020 Tex. App. LEXIS 1708, at *8 (noting that violation of single condition of community supervision is sufficient to support trial court's revocation

6

determination); *see also* Tex. Code Crim. Proc. art. 42A.108 (providing that adjudications of defendant's guilt on original charge are reviewed in same manner as revocation of community supervision where determination of defendant's guilt was not deferred). Thus, to prevail on appeal, a defendant must successfully challenge all the findings supporting the trial court's revocation determination. *Lavigne*, 2020 Tex. App. LEXIS 1708, at *8; *see Austin v. State*, No. 05-16-00531-CR, 2017 Tex. App. LEXIS 2970, at *11 (Tex. App.—Dallas Apr. 5, 2017, no pet.) (mem. op., not designated for publication) (concluding that because revocation of defendant's community supervision was justified based on any one of four violations of his community-supervision conditions that were unrelated to payment of assessed fees and costs, court did not need to address defendant's contention that trial court erred by revoking his community supervision and sentencing him to confinement without making finding that his failure to pay fees and costs associated with community supervision was intentional).

Here, Roming does not challenge the sufficiency of the evidence supporting the district court's finding that she "failed to report to her supervision officer" on five dates (April 10, 2015; June 16, 2015; June 19, 2015; June 22, 2015; and July 1, 2015) "and all subsequent dates thereafter[.]" The evidence presented at the adjudication hearing supports the district court's finding of this violation, and this violation alone is sufficient to support the judgment. *See Garcia*, 387 S.W.3d 26; *Leonard*, 385 S.W.3d at 576; *Lavigne*, 2020 Tex. App. LEXIS 1708, at *8; *Austin*, 2017 Tex. App. LEXIS 2970, at *10-11. Accordingly, we overrule Roming's fourth, sixth, and seventh issues challenging the sufficiency of the evidence as to the district court's findings that she violated the condition requiring her to "[t]ake medicines as prescribed" and the conditions requiring her to pay "fees of a urine sample, court costs, attorney's fees, probation fees, a crime stopper fee, an arrest fee, and a TAIP fee" and restitution.

## CONCLUSION

We affirm the district court's judgment adjudicating guilt.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   March 31, 2020

Do Not Publish