**AFFIRMED and Opinion Filed May 6, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00748-CR

## CHARLES EARL DAVIS JR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 31045**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

Appellant was charged with possession of a firearm by a felon, a third-degree

felony. *See* TEX. PENAL CODE ANN. §46.04. After appellant pleaded guilty to the

charge, the trial court sentenced him to ten years in prison probated for ten years,

one hundred hours of community service, and a $1,000 fine.

The State later filed a motion to revoke based on appellant's violation of five

terms and conditions of his community supervision, and following a hearing, the

trial court adjudicated appellant guilty and sentenced him to ten years in prison. On

appeal, appellant argues that the trial court abused its discretion by finding the

possession of marijuana violation true because the marijuana was not tested to prove its THC content. We affirm the trial court's judgment.

## I.  BACKGROUND

The State filed a motion to revoke appellant's community supervision that was subsequently amended. The State alleged five violations of the terms and conditions of appellant's community supervision: (1) possession of marijuana under two ounces; (2) possession of a controlled substance; (3) tampering with evidence; (4) driving while intoxicated; and (5) failure to complete court-ordered community service. At the beginning of the hearing, the State abandoned the second allegation. Appellant pleaded not true to the remaining allegations.

The court heard testimony from State Trooper Greg Joyner concerning the marijuana possession. Trooper Mark Page testified about appellant's arrest for driving while intoxicated and said that during the search incident to arrest, a substance believed to be marijuana was found in the car. Appellant's community supervision officer also testified about appellant's community supervision and records from the community supervision department were admitted into evidence.

When the hearing concluded, the court found allegations one, four, and five true and allegation three not true. Appellant's community supervision was revoked, and he was sentenced to ten years in prison.

## II. ANALYSIS

Appellant's sole issue challenges the sufficiency of the evidence to find that he possessed marijuana. According to appellant, recent legislative changes provide that an individual is only criminally responsible under the Texas Controlled Substances Act if he possesses marijuana plant material containing an excess of 0.3% of THC by dry weight. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(26)(f). The material here was not tested, and appellant argues that the trooper's testimony is insufficient to establish that the material in his possession met the statutory definition.

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of [his community supervision]." *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). The finding of a single violation of community supervision is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

Here, appellant challenges only one of the alleged violations—marijuana possession. But the court also found that he committed the offense of Driving While Intoxicated and failed to perform community service hours, both of which are

violations of the terms and conditions of his probation. The evidence supports these findings. Accordingly, the trial court did not abuse its discretion by revoking appellant's community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (no abuse of discretion if the evidence is sufficient to find any one of the alleged violations true).

Appellant's issue is overruled. We affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210748F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES EARL DAVIS JR.,
Appellant

No. 05-21-00748-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 31045.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered May 6, 2022