**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00290-CR**
_____

**CHARLES BRETT BOREN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 15-22594**
_____

**MEMORANDUM OPINION**

In 2015, a grand jury indicted Appellant Charles Brett Boren for possession of a controlled substance (namely methamphetamine) in an amount of four grams or more but less than two hundred grams, a second-degree felony. *See* Tex. Health & Safety Code Ann. § 481.115(d). In a plea agreement, Boren pleaded guilty to the offense and waived his right to a jury trial. The trial court found Boren guilty,

1

deferred adjudication, placed Boren on community supervision for ten years, and imposed a $500 fine.[1]

On December 15, 2021, the State filed a Motion to Revoke Unadjudicated Probation, alleging Boren violated two conditions of his community supervision. On April 11, 2022, the State filed a First Amended Motion to Revoke Unadjudicated Probation, alleging Boren committed seven violations of the terms of his community supervision. At a hearing on August 4, 2022, Boren acknowledged that he had previously pleaded true to one allegation (the sixth alleged violation) in the motion to revoke, which alleged the following:

> . . . Boren provided a urine sample on or about the 29th day of March, 2022, for scientific analysis that showed the presence of the metabolic by-products of Methamphetamine and Amphetamines, in violation of Condition (10) of Defendant's Deferred Adjudication order.

At the hearing, the State announced it had abandoned the first three allegations, and the State presented evidence in support of the fourth, fifth, and seventh alleged violations.[2] After hearing evidence, the trial court found Boren violated the terms of his community supervision, found him guilty of the second-degree offense of

---

[1] We note that the Order of Deferred Adjudication listed the incorrect statute for the offense.

[2] Because Boren pleaded "true" to one of the other alleged violations of the conditions of his community supervision and proof of a single violation is sufficient to support revocation, a discussion of this evidence is not necessary. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

possession of a controlled substance (namely methamphetamines), and imposed punishment at ten years' confinement. Raising six issues, Boren appeals. We affirm.

Trial Court's Finding of "True" to the Third Alleged Violation

In his first issue, Boren argues that his conviction should be reversed and remanded for a new sentencing hearing because the trial court found the third alleged violation in the State's motion to revoke "true," but the State had abandoned that alleged violation. According to Boren, the trial court's finding of "true" to the third alleged violation was not supported by sufficient evidence and resulted in reversible error.

We review a trial court's order revoking community supervision for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). To prevail in a revocation hearing, the State must establish, by a preponderance of the evidence, that the defendant violated at least one term or condition of the community supervision order. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) (noting that one violation is sufficient to affirm a trial court's decision revoking an order placing a defendant on community supervision). In general, "[a] plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt." *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

Generally, establishing that a defendant violated a single condition of a community supervision order allows an appellate court to affirm the trial court's ruling revoking the order used to place a defendant on community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) (stating that "proof of a single violation will support revocation").

Even if the trial court erroneously found "true" to the third alleged violation (which had been abandoned by the State), Boren pleaded "true" to the sixth alleged violation. Because a plea of "true" to any one violation will support revocation of community supervision, on this record, revocation was within the trial court's discretion.[3] *See Tapia*, 462 S.W.3d at 31; *Garcia*, 387 S.W.3d at 26. Accordingly, we overrule issue one.

Credit for Time Served

In issue two, Boren argues the trial court erred in not awarding Boren "full time served credit for his time spent undergoing rehabilitation with Cenikor" as part of Boren's sentence.[4] In his third issue, Boren argues the trial court abused its discretion in failing to award Boren time served for his Cenikor service and SAFPF

___

[3] As noted herein, the trial court, after hearing evidence, found "true" three of the other alleged violations (the fourth, fifth, and seventh alleged violations) that were not abandoned by the State. On appeal, Boren does not challenge those findings.

[4] One of the agreed conditions of Boren's community supervision was to successfully complete the Cenikor Foundation Program.

4

service, in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Boren acknowledges that the Judgment Adjudicating Guilt credited him with 921 days for the dates set out in the judgment, but he argues that he was not credited for time spent participating in Cenikor for "at least the period running from December 15, 2015 through December 16, 2016" and for time that may not have been credited him for successfully completing a substance abuse felony punishment facility (SAFPF) program.[5] According to Boren, not crediting him time for time spent in Cenikor would "not only violate the Fourteenth Amendment Due Process Clause, but would also constitute Cruel and Unusual Punishment under the Eighth Amendment, U.S. Constitution."

Boren was entitled to receive credit for time spent in a substance abuse treatment facility operated by the Texas Department of Criminal Justice under section 493.009 of the Texas Government Code or any other court-ordered residential program or facility as a condition of his deferred adjudication community supervision if Boren successfully completed the treatment program at that facility. *See* Tex. Code Crim. Proc. Ann. arts. 42.03, § 2(a)(2), 42A.755(d). We have authority to modify the trial court's judgment to make the record speak the truth

---

[5] On appeal, Boren does not state what dates he participated in a SAFPF program, but he states he "may have been partially credited" for time spent in that program. In his reply brief, he argues that certain dates can be inferred based on assumptions.

when we have the necessary date and information to do so. *See* Tex. R. App. P. 43.2(b); *see also Warren v. State*, No. 12-17-00363-CR, 2018 Tex. App. LEXIS 3674, at *3 (Tex. App.—Tyler May 23, 2018, no pet.) (mem. op., not designated for publication) (because the appellate court had the necessary information, it modified the judgment to credit appellant for dates the record showed appellant spent in SAFPF that had not been credited in the judgment). In this case, however, the record does not establish that Boren successfully completed treatment at Cenikor. Also, Boren has not established, nor does the record reflect with certainty, the dates that he spent in SAFPF that were not included in the time credited in the Judgment Adjudicating Guilt. Accordingly, we overrule issues two and three.

Drug Treatment

In issues four, five, and six, Boren argues that, instead of sentencing Boren to prison, the trial court should have evaluated drug treatment or rehabilitation alternatives for Boren because he was a non-violent offender with chronic diabetes, "high security" drug treatment was appropriate because he was "consistently an informant[,]" and that Boren has a "right to treatment in the least restrictive alternative environment[.]"

Once sufficient evidence was presented of a violation of a condition set forth in the order the trial court used when it placed Boren on deferred adjudication community supervision, the trial court had broad discretion in choosing whether to

6

continue, modify, or revoke his community supervision. Tex. Code Crim. Proc. Ann. arts. 42A.751(d), 42A.752(a), 42A.755(a); *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979). As stated above, because a plea of "true" to any one violation will support revocation of community supervision, revocation was within the trial court's discretion.[6] *See Tapia*, 462 S.W.3d at 31; *Garcia*, 387 S.W.3d at 26. And the sentence the trial court imposed here is within the range provided in the Penal Code for this offense. *See* Tex. Penal Code Ann. § 12.33 (second-degree felony offense of possession of a controlled substance carries a punishment range of confinement from two to twenty years). We overrule issues four, five, and six.

We note that the section of the judgment entitled "Statute for Offense[]" recites "481.117(d)[.]" The indictment for the underlying offense listed the offense as "possession of a controlled substance (methamphetamine)[,]" noted that the statute for the offense was "SEC. 481.115[,]" and tracked the language of section 481.115(d) of the Texas Health & Safety Code. This Court has the authority to reform a trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We therefore reform the

---

[6] As noted herein, the trial court, after hearing evidence, found "true" three of the other alleged violations (the fourth, fifth, and seventh alleged violations) that were not abandoned by the State. On appeal, Boren does not challenge those findings.

judgment to reflect that the "Statute for Offense[]" is "Sec. 481.115(d) of the Texas Health & Safety Code[.]"

Having overruled Boren's issues, we affirm the trial court's judgment as reformed.

AFFIRMED AS REFORMED.

LEANNE JOHNSON
Justice

Submitted on June 30, 2023
Opinion Delivered September 13, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.