**Opinion issued November 26, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00567-CR**

————————————

**IVAN GALVAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Case No. 17CR2295

## MEMORANDUM OPINION

Ivan Galvan appeals his conviction, claiming he received ineffective assistance of counsel at the hearing to revoke his deferred adjudication community supervision. We affirm the trial court's judgment.

## BACKGROUND

Galvan pleaded guilty to the offense of burglary of a habitation, and the trial court placed him on deferred adjudication community supervision for three years.[1] The conditions of his community supervision required Galvan to, among other things:

(1) report to his supervision officer;

(2) remain in Ellis County;

(3) abstain from the use or possession of any drugs;

(4) pay a $60 per month community supervision fee;

(5) pay $258 in court costs;

(6) pay $775 in attorney's fees;

(7) pay a $25 Crime Stoppers Program fee;

(8) pay $1000 in restitution; and

(9) perform 240 hours of community service at a rate of no less than 16 hours per month.

The trial court later modified the amount of restitution to $333.34.

The State filed a motion to adjudicate guilt and revoke Galvan's community supervision, alleging Galvan violated each of these conditions. At the hearing on the State's motion, Galvan pleaded not true to failing to report to his supervision officer,

---

[1] The trial court later entered two orders, each of which extended Galvan's community supervision by one year.

traveling to Galveston County, failing to pay restitution, and failing to perform community service as ordered. He pleaded true to the remaining alleged violations.

Briana Webber, Galvan's probation officer, testified at the hearing. She testified that Galvan had violated each condition as the State alleged, except for Galvan's drug use.[2] Relevant to this appeal, she testified that Galvan had not paid his attorney's fees as ordered and still owed $822.50 and that he had not paid restitution as ordered and still owed $1,000. However, the trial court's order only required Galvan to pay $775 in attorney's fees and $333.34 in restitution, so he could not have owed those amounts. Defense counsel did not object to these incorrect amounts. The trial court found all of the State's alleged violations to be true, adjudicated Galvan guilty, revoked his community supervision, and sentenced him to eight years' imprisonment.

## DISCUSSION

In his sole issue on appeal, Galvan argues he received ineffective assistance of counsel because his attorney did not object to the incorrect testimony about the amounts he owed in attorney's fees and restitution.

---

[2]    In its motion to revoke, the State alleged Galvan admitted to a Harris County community supervision officer that he used THC while on community supervision. Galvan pleaded "true" to this allegation.

3

## *Ineffective Assistance of Counsel*

The Sixth Amendment of the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (stating that right to counsel "does not provide a right to errorless counsel, but rather to objectively reasonable representation"). To show ineffective assistance of counsel, a defendant must demonstrate that both: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Lopez*, 343 S.W.3d at 142. Reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. An appellant bears the burden of proving both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998) (per curiam); *Guzman v. State*, 539 S.W.3d 394, 406 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Failure to establish one prong prohibits a finding that the representation was ineffective. *Lopez*, 343 S.W.3d at 142; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

*Analysis*

Galvan argues his trial counsel was ineffective for failing to object to the probation officer's incorrect testimony about the amounts he owed in attorney's fees and restitution. Even assuming, without deciding, defense counsel's failure to object established the first prong of the *Strickland* test, that his counsel's performance fell below an objective standard of reasonableness, Galvan has not attempted to establish the second prong, that but for his counsel's errors, the result of the proceeding would have been different.

First, Galvan does not argue the second prong in his appellate brief. To assert an issue on appeal, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities." TEX. R. APP. P. 38.1(i). An appellant waives an issue on appeal by not adequately briefing that issue. *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005); *Chaves v. State*, 630 S.W.3d 541, 558 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Other than several conclusory statements that he was harmed by counsel's failure to object, Galvan's brief makes no attempt to show that but for his counsel's errors, the result of the proceeding would have been different. He has therefore waived this issue due to inadequate briefing. *See Russeau*, 171 S.W.3d at 881; *Chaves*, 630 S.W.3d at 558.

Second, even if Galvan had briefed this issue, he could not show that, but for his counsel's errors, the result of his proceeding would have been different. Galvan

pleaded "true" to five of the State's alleged violations. On appeal, he argues his counsel should have objected to the testimony about the amounts he still owed. However, proof of a single violation is sufficient to support the trial court's revocation of his community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *see also Cazarez v. State*, 606 S.W.3d 549, 559 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (explaining that plea of "true" alone is generally sufficient to support revocation). Because Galvan pleaded true to some of the violations, regardless of whether his attorney objected to the incorrect testimony, his plea was sufficient to support the trial court's revocation of his community supervision. Therefore, Galvan cannot show that but for his counsel's errors, the result of his proceeding would have been different. *See Cazarez*, 606 S.W.3d at 559–61 (overruling appellant's complaint that trial court erred in revoking his community supervision for his failure to pay restitution partly because appellant pleaded true to another allegation, which alone was sufficient to support trial court's ruling).

We overrule Galvan's sole issue.

**CONCLUSION**

We affirm the trial court's judgment.


Gordon Goodman
Justice

Panel consists of Chief Justice Adams and Justices Goodman and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).